UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NICOLE STEWART,
          Petitioner,

v.                                          Case Nos.   16-C-0243
                                                                   16-C-0244

DEANNE SCHAUB, Warden,
Taycheedah Correctional Institution
          Respondent.

## DECISION AND ORDER

On February 29, 2016, Nicole Stewart, an inmate at Taycheedah Correctional Institution, filed two separate petitions for habeas relief under 28 U.S.C. § 2254. Both petitions describe the subject of the petition as Stewart's December 3, 2007 conviction in Wisconsin state court of medical-assistance fraud, for which she was sentenced to five years of initial confinement and nine years of extended supervision. However, although Stewart's petitions are hard to understand, it appears that one of the petitions is intended to challenge a decision in 2015 to revoke her extended supervision. The other petition seems to challenge the underlying 2007 conviction.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases.

The petition filed in Case Number 16-C-0244 is the petition that appears to attack the validity of Stewart's underlying conviction. This petition must be denied for two reasons. First, the petition is untimely. A state prisoner in custody pursuant to a state-court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes "final" when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the Supreme Court of the United States or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir.2002). According to Stewart's petition, her direct appeal concluded in July 2009, when the Wisconsin Court of Appeals disposed of her appeal. *See* Pet. § II.A. Thus, a petition filed in February 2016 is obviously untimely.

Second, Stewart's petition must be denied because she has procedurally defaulted her claims by failing to raise them in a timely petition for review in the Wisconsin Supreme Court. Federal courts will not review a habeas petition unless the prisoner has fairly presented her claims throughout at least one complete round of state-court review, whether on direct appeal of the conviction or in post-conviction proceedings. *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015). This requirement has two components: the petitioner's claims must be exhausted, meaning that there is no remaining state court with jurisdiction, and the exhaustion must not be attributable to the petitioner's failure to comply with the state-court system's procedural rules. *Id.* In habeas, the sanction for failing to exhaust properly is given the separate name of procedural default. *Id.*

In the present case, the Wisconsin Court of Appeals disposed of Stewart's appeal in July 2009. Stewart then had 30 days to file a petition for review with the Wisconsin Supreme Court, *see* Wis. Stat. §§ 808.10(1), 809.62, but, according to her petition, she did not do so. *See* Pet. § II.A–II.B. Therefore, Stewart has procedurally defaulted any claims that she might have been able to raise in a federal habeas petition concerning her 2007 conviction. *See Johnson*, 786 F.3d at 505.

Having concluded that the petition challenging Stewart's 2007 conviction must be denied, I turn to the petition that appears to challenge the revocation of her extended supervision. Along with this petition, Stewart filed a memorandum in which she provides some details about her claims, and in this memorandum that she indicates that her extended supervision was revoked on December 19, 2015. *See* Mem. at 9. Presumably, the revocation decision was made by an administrative law judge in the Wisconsin Department of Administration's Division of Hearings and Appeals. *See* Wis. Stat. § 302.113(9)(ag)–(am). Stewart could have appealed this decision to the administrator of the Division of Hearings and Appeals. *See* Wis. Admin Code § HA 2.05(8). And she could have sought review of the administrator's decision in the state circuit court by filing a petition for a writ of certiorari. *See State ex rel. Mentek v. Schwarz*, 242 Wis. 2d 94, 100 (2001). Alternatively, Stewart might have been able to challenge the revocation decision by filing a petition for a writ of habeas corpus in state court. *See State ex rel. Vanderbeke v. Endicott*, 210 Wis.2d 502, 522 (1997) (noting that habeas corpus is the appropriate procedure for an allegation of ineffective assistance of counsel at a probation revocation proceeding when additional evidence is needed).

3

Here, Stewart has not pursued any of the procedures available in the Wisconsin system for challenging her probation revocation decision, and it is possible that some of those procedures, such as a state certiorari proceeding or state habeas petition, remain available to her. Thus, it appears that Stewart has not exhausted her state-court remedies in connection with this decision. Because a federal court may not consider the merits of a habeas petition that challenges a state-court judgment unless the petitioner has first exhausted his or her state-court remedies with respect to that judgment, *see Johnson*, 786 F.3d at 504, I must dismiss Stewart's petition in Case Number 16-C-0243 for lack of exhaustion.

**THEREFORE, IT IS ORDERED** that the petition for a writ of habeas corpus in Case Number 16-C-0244, in which Stewart challenges her 2007 conviction, is **DENIED**.

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus in Case Number 16-C-0243, in which Stewart challenges the decision in 2015 to revoke her extended supervision, is **DISMISSED** for lack of exhaustion.

**IT IS FURTHER ORDERED** that all other motions that the petitioner has filed in these two cases are **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that the clerk of court shall enter separate judgments in each of these cases.

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made a substantial showing of the denial of a constitutional right in connection with either of her habeas petitions, and therefore I will not issue a certificate of appealability in either case.

4

Case 2:16-cv-00244-LA   Filed 03/08/16   Page 4 of 5   Document 8

Dated at Milwaukee, Wisconsin, this 8th day of March, 2016.

        s/ Lynn Adelman
        _____
        LYNN ADELMAN
        District Judge